FILED
SUPERIOR COURT
OF GUAM

2021 APR 13 AM 9: 26

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>Plaintiff,<br><br>vs.<br><br>**DIANA ATIN CEASAR**<br>**(aka Dianne Appa Ceasar),**<br>DOB: 02/24/1973 or 02/24/1974<br><br>Defendant. | **Criminal Case No. CM0379-20**<br>**GPD Report No. 20-21635**<br><br><br><br>**DECISION AND ORDER**<br>**GRANTING DEFENDANT'S MOTION**<br>**FOR CIVIL COMPROMISE** |

## INTRODUCTION

This matter came before the Honorable Dana A. Gutierrez on February 26, 2021 for a hearing on Defendant Diana Atin Ceasar's ("Defendant") Motion for Civil Compromise filed on January 28, 2021 ("Motion"). Present via Zoom was Defendant Diana Atin Ceasar ("Defendant"); Attorney Kathleen Aguon of the Public Defender Service Corporation representing Defendant; and Assistant Attorney General Sean Brown representing the People of Guam (the "People"). Having reviewed the record and arguments presented by the parties as well as applicable law, the Court now issues this Decision and Order **GRANTING** Defendant's Motion.

## BACKGROUND

On August 28, 2020, Defendant was charged, by Magistrate's Complaint, with One Count of Criminal Trespass (As a Misdemeanor) and One Count of Criminal Mischief (As a

Misdemeanor). Magistrate's Compl. (Aug. 28, 2020). On January 28, 2021, Darisa Frank ("Victim") filed a Declaration in this case acknowledging that she received satisfaction for her injury and harm to her property. Further, in her Declaration, the Victim stated that she did not object to dismissal of this case and that she made her Declaration voluntarily and without coercion. *See* Decl. of Darisa Frank ¶ 4-5 (Jan. 28, 2021).

On January 28, 2021, Defendant filed this Motion. The People filed an Opposition to Defendant's Motion ("Opposition") on February 1, 2021. Defendant filed a Reply to the Government's Opposition ("Reply") on February 10, 2021. The Court heard the matter on February 26, 2021 and took the Motion under advisement.

## DISCUSSION

Defendant moves the Court to dismiss the Magistrate's Complaint pursuant to 8 GCA § 80.90. Motion, at 1. Defendant's Motion is based upon the Declaration filed by the Victim. Decl. of Darisa Frank ¶ 4-5. Defendant further argues that civil compromise is appropriate in this case because: 1) both charges have a civil remedy under Title 7 of the Guam Code Annotated, Chapter 10; 2) the circumstances surrounding the commission of the offenses are such that this was an isolated incident and the Victim received the satisfaction she requested; and 3) the Victim's settlement agreement was made voluntarily, shown by her Declaration. Motion, at 2-3 (citing *People v. Moulton*, 182 Cal. Rptr. 761, 767-68 (Cal. Ct. App. 1982)).

In the People's Opposition, the People argue that the Victim's Declaration does not meet the satisfaction of injury requirement because "Defendant does not indicate how the victim received satisfaction for her injury or if any actual civil agreement was reached." Opposition, at 3. Additionally, the People argue that dismissal due to civil compromise is inappropriate because

2

the public interest is best served by Defendant receiving necessary treatment through the prosecution of this matter and because Defendant was on probation in Superior Court Case No. CF0318-17 when the underlying incident in this case occurred. *Id.*

At the February 26, 2021 Motion Hearing, the People further argued that based on the "on payment of costs incurred" language in Guam's Civil Compromise statute, 8 GCA § 80.90, the Defendant is required to pay monetary satisfaction to the Victim or at least must account for the type of satisfaction that has been paid to the Victim. Min. Entry, at 9:18:12 AM (Feb. 26, 2021).

## I.     The Requirements of Guam's Civil Compromise Statute, 8 GCA § 80.90, Are Met.

Guam's Criminal Procedure Code provides that a court may order a criminal action dismissed, "[w]hen the defendant has been charged with the commission of an offense which is not a felony for which the person the person injured by the act constituting the offense has a remedy by a civil action," and "[when] the person injured appears before, or files his declaration in, the court in which the criminal action is pending . . . and acknowledges that he has received satisfaction for the injury." 8 GCA § 80.90(a) and (b). Further, "dismissal under this Section is a bar to another prosecution for the same offense." 8 GCA § 80.90(c).

### A.     Defendant's Charges Are Misdemeanors and Each Charge Has a Civil Remedy.

First, it is undisputed that Defendant was charged with two misdemeanors and no felonies. Second, each charge has a remedy by civil action. A charged offense has a corresponding civil remedy if, "the civil cause of action shares a common element with the criminal offense, compromise is available; overlapping, not full congruence, is required."

3

*People v. Tischman,* 40 Cal. Rptr. 2d 650, 654 (Cal. Ct. App. 1995).

In Guam, criminal trespass is defined as follows: "[a] person commits an offense if, knowing that he is not licensed to do so, he enters or surreptitiously remains in any habitable property or building." 9 GCA § 37.30(a). Likewise, trespass has a common law civil counterpart that requires, "the following elements: a) the tortfeasor intentionally; b) enters the land in possession of another . . . c) or remains on the land . . . ." *Guerrero v. DLB Const. Co.,* 1999 Guam 9 ¶ 16 (citing Restatement (Second) Torts § 158 (1988)). Here, both criminal and common law trespass require the entering of another's property, the knowledge or intent that they are not under license to do so, and remaining on the property. Therefore, the act constituting the charge of Criminal Trespass has a civil remedy, and civil compromise is thereby allowed under § 80.90(a).

Criminal mischief is defined as, "intentionally damag[ing] the property of another." 9 GCA § 34.50(c). Guam recognizes the common law civil cause of action of conversion, whose "elements . . . are: (1) facts showing plaintiff's ownership or right of possession of the property; (2) defendant's wrongful act toward . . . the property, interfering with plaintiff's possession; and (3) damage to the plaintiff." *Adkins v. Suba,* 2011 WL 4443232 *10 (D. Guam 2011), *reversed on other grounds.* As above, the criminal cause of action and the civil cause of action share common elements, including a wrongful act to the property of another. Therefore, the act constituting the charge of Criminal Mischief has a civil remedy, and civil compromise is thereby allowed under § 80.90(a).

B. **The Victim Filed A Declaration Acknowledging That She Has Received Satisfaction for the Injury.**

In addition, the Victim filed a Declaration, stating "I acknowledge that I have received

4

satisfaction for the injury and harm to my property, and I do not object to dismissal of this case by way of the Civil Compromise statute." Decl. of Darisa Frank ¶ 4 (Jan. 28, 2021). The People argue that the Declaration is insufficient because the "on payment of costs incurred" language in Guam's Civil Compromise statute, 8 GCA § 80.90, requires Defendant to pay monetary satisfaction to the Victim or the Defendant at least must account for the type of satisfaction that has been paid to the Victim. Min. Entry, at 9:18:12 AM (Feb. 26, 2021). The Court disagrees and finds the Declaration to be sufficient.

The statute does not suggest that monetary satisfaction is the only way to meet 8 GCA § 80.90's requirements.[1] The Civil Compromise statute does not "specify that the victim's 'satisfaction for the injury' must arise from the institution of a civil action or what the nature or form of such 'satisfaction' [may] be." *People v. Stephen*, 182 Cal. App. 3d Supp. 14, 27 (Cal. App. Dep't Super. Ct. 1986) (rejecting the Government's contention "that unless the victim acknowledges that he has received complete compensation for the injury, the court abuses its discretion in granting civil compromise.").

Furthermore, satisfaction for the injury is achieved when "the victim has in actuality received recompense acceptable to him for his injury, not that the victim has received every recovery possible under civil law or everything the victim believed he would be entitled to civilly." *Stephen*, 182 Cal. App. 3d Supp. at 27. Since 8 GCA § 80.90 neither defines satisfaction nor explicitly authorizes waiver or partial waiver of satisfaction, the Court must determine the meaning of satisfaction.

Statutory interpretation is a legal question and the inquiry always begins with the

---

[1] *See e.g., People v. Castro*, CM0350-14, Decision and Order, at 2 (May 18, 2015); *People v. Doone*, CM0845-12, Decision and Order, at 3-4 (May 9, 2013); *People v. Kinsey*, CM0009-14, Decision and Order, at 2-4 (Aug. 18, 2014); *People v. Gaza*, CM0860-14, Decision and Order, at 5-6 (April 15, 2015).

language of the statute. *See People v. Robert*, 2019 Guam 2 ¶ 10. A statute's plain meaning prevails absent clear legislative intent to the contrary, but the Court need not follow the plain language of a statute "where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." *People v. Flores*, 2004 Guam 18 ¶ 18. Consistent with previous holdings issued by the Superior Court, this Court therefore concludes that it would be an absurd result to require the Victim to receive complete satisfaction and to reject any lesser proposed, or non-monetary, satisfaction.[2] Acceptable satisfaction may take different forms based on the crimes charged, damage inflicted, and relationship between the Victim and Defendant. The Court, therefore, declines to adopt a rigid approach and concludes that assessing satisfaction necessarily is a fact-specific inquiry.

Here, the Victim requested an apology from the Defendant which the Defendant provided to the Victim. Motion, Exhibit A-B (Jan. 28, 2021). The Victim also identifies the Defendant as her "aunty." *Id.* at Exhibit A. Additionally, there is no information provided to the Court of any costs incurred as a result of this incident. *See* Magistrate's Complaint (Aug. 28, 2020). Because 8 GCA § 80.90 does not direct this Court to adjudicate the terms of a mutually satisfactory agreement between competent private parties and because there is no basis to question the Victim's sworn statement, the Court accepts the Victim's Declaration acknowledging that she received satisfaction for her injury. *See Stephen*, 182 Cal. App. 3d Supp. at 27.

## II. The Court Should Exercise Its Discretion To Dismiss The Case Based on Civil Compromise.

When the requirements of 8 GCA § 80.90 are met, the Court must then determine whether it should exercise its discretion to dismiss the case based on civil compromise. Title 8

---

[2] *See e.g., supra* note 1.

GCA § 80.90 is based on former California Penal Code §§ 1377 and 1378. *See* 8 GCA § 80.90, Note; *compare* 8 GCA § 80.90 *with* Cal. Penal Code §§ 1377 and 1378. Thus, California case law interpreting §§ 1377 and 1378 is persuasive to interpreting 8 GCA § 80.90. *See Cruz v. Cruz*, 2005 Guam 3, ¶ 9; *see also People v. Hall*, 2004 Guam 12, ¶ 18; *see also Fajardo v. Liberty House Guam*, 2000 Guam 4, ¶ 17.

In *People v. Moulton*, the Court held that various factors may be taken into consideration by a trial judge in determining whether to dismiss a misdemeanor criminal prosecution under a civil compromise statute. 182 Cal. Rptr. at 767-68. These factors include: 1) whether the civil injury was coextensive with the criminal violation; 2) whether the circumstances were such that through private settlement, the injury to the public was fully vindicated; and 3) whether the victim's settlement agreement was made voluntarily. *Id.*

First, as explained above, the civil injury was coextensive with the violations of criminal mischief and criminal trespass. Second, in determining whether the injury to the public was fully vindicated, the seriousness of the injury, as well as the circumstances of the commission of the offense, should be considered. *Moulton*, 182 Cal. Rptr. at 768. Here, the Magistrate's Complaint, Victim's Declaration, and the criminal mischief and criminal trespass statutes indicate that the offense in question was of minimal severity. Further, the incident occurred between parties known to one another, it was isolated with respect to its scope and damage caused, and the incident was not against public order. *See* Motion, Exhibit A-C (Jan. 28, 2021). Although the Magistrate's Complaint indicates some physical harm to the Victim, she did not seek medical attention.

7

Third, the Victim's Declaration states: "I have authority to make this declaration and I do so voluntarily and without any coercion." Decl. of Darisa Frank ¶ 4-5 (Jan. 28, 2021). In the absence of any indication that it was made involuntarily, the Court is in no position to second guess the Victim's sworn statement that she has received satisfaction and is filing the Declaration voluntarily.

Therefore, in light of the harm caused to the Victim, which did not require medical attention, and the Victim's Declaration that she has received satisfaction for any injuries incurred, this Court finds that civil compromise as applied in this case best serves "the interests of justice, judicial economy, fairness, and common sense" and fully vindicates the injury to the public. *Tischman,* 40 Cal. Rptr. 2d at 654.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Defendant's Motion for Civil Compromise. The case is hereby dismissed with prejudice.

**SO ORDERED** this 13th day of April, 2021.

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
AGS & PDSC

Date: 4/13/21 Time: 10am

Deputy Clerk, Superior Court of Guam

8